UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TOMMY L. HAMILTON,

                **Plaintiff,**

v.                                                                                   00-CV-300S

NIAGARA FRONTIER TRANSPORTATION
AUTHORITY, CHARLES MARTHA,
NORMAN J. BIRNER, and WILLIAM McGEE,

                **Defendants.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this consolidated case, including entry of final judgment. Dkt. #14 & Dkt. #20.

Trial commenced on October 28, 2008 and continued through the morning of October 30, 2008, at which time the parties, with the assistance of the Court, continued to discuss the possibility of settlement. After discussion with his attorney and with the Court, plaintiff agreed to settle his claims and that agreement was placed on the record in open court. The Court noted plaintiff's participation with his attorney in the settlement discussions and confirmed plaintiff's understanding that this settlement resolved all claims asserted in plaintiff's complaint and amended complaint.

By Decision and Order entered December 5, 2008, the Court authorized plaintiff's attorney to sign the Confidential Complete Settlement Agreement and Release

and the Stipulation of Dismissal with Prejudice and to take any additional steps as may be required to finalize the settlement. Dkt. #131.

By Decision and Order entered May 21, 2009, the Court denied plaintiff's motion to amend the terms of the Release and granted counsel's motion to withdraw from representation of plaintiff and to transfer the settlement proceeds from counsel's escrow account to the Clerk of the Court for the Western District of New York. Dkt. #140. Plaintiff was advised that the settlement proceeds would be released to him once he executed the Release. Dkt. #140.

$49,128.71 was received by the Court on June 9, 2009.

By Decision and Order entered April 10, 2014, notice of which was provided to plaintiff, the settlement proceeds were transferred to the Treasury of the United States in an account for unclaimed funds based upon plaintiff's failure to claim the funds for five years. Dkt. #141. $696.93 in interest has accrued on the deposit, for a total of $49,825.64 currently in the unclaimed funds account.

By Notice of Motion filed January 6, 2017, plaintiff's appointed counsel, Jeremy Colby, seeks an additional attorneys' fee from the settlement proceeds. Dkt. #142-1, ¶ 9. In support of the motion, counsel declares that although he compromised his fee to $25,000 during settlement negotiations, the hourly billings for representation of plaintiff total more than $107,000. Dkt. #142-1, ¶ 10. In light of plaintiff's abandonment of the settlement proceeds, counsel requests "that the remaining proceeds (or part

thereof) be paid to Webster Szanyi LLP to satisfy the substantial unpaid fee incurred in prosecuting and trying this matter for Plaintiff." Dkt. #142-1, ¶ 11.  In the event that plaintiff chooses to retrieve his settlement proceeds, counsel requests payment for time spent on this matter post-settlement, including efforts to encourage plaintiff to collect his settlement, transferring the settlement proceeds to the Court following plaintiff's refusal to do so, and filing this motion.  Dkt. #142-1, ¶ 16. The motion was served upon plaintiff at his last known address.  Dkt. #142-4.

By Notice of Motion dated January 13, 2017, attorney Harvey Sanders seeks $950 plus interest at 12% per year beginning in June of 2001, for legal services rendered to plaintiff related to this litigation between April 2000 and April 2001 pursuant to a retainer agreement signed by plaintiff on October 16, 2000. Dkt. #144-1, ¶ 4 & Dkt. #144-2.  The retainer agreement provides for an hourly rate of $75.00 for attorney time plus payment of disbursements.  Dkt. #144-2, pp.2-3.  The retainer agreement further provides for an assessment of interest at the rate of 1% per month or 12% per year for amounts due more than 30 days beyond the date of invoice.  Dkt. #144-2, p.4. Mr. Sanders attaches invoices totaling 5.95 of attorney time[1] plus $30.00 for clerical time and $6.00 for disbursements.  Dkt. #144-2, pp.6-12.  In support of the motion, Mr. Sanders declares that plaintiff never objected to the invoices totaling $950 in legal services

---

[1] The invoices appear to have been calculated at the rate of $150.00 per hour for attorney time rather than $75.00.  For example, the invoice dated July 11, 2000 charges $225.00 for 1.5 hours of attorney time; the invoice dated August 4, 2000 charges $75.00 for .50 hours of attorney time; the invoice dated September 12, 2000 charges $225.00 for 1.5 hours of attorney time; the invoice dated November 7, 2000 charges $300.00 for .5 hours of attorney time; the invoice dated January 8, 2001 charges $30.00 for .20 hours of attorney time; the invoice dated  February 5, 2001 charges $112.50 for .75 hours of attorney time; and the invoice dated April 4, 2001 charges $150.00 for 1 hour of attorney time.  Dkt. #144-2, pp.6-12.

rendered between April 13, 2000 and December 13, 2000, but never provided payment for those services. Dkt. #144-1, ¶ 4. Mr. Sanders further declares that he informed subsequent counsel and appointed *pro bono* counsel of the outstanding legal fees and requested payment upon settlement of the case. Dkt. #144-1, ¶¶ 5-6 & Dkt. #144-2, pp.14-15.

By letter dated February 21, 2017, plaintiff informs the Court that he is unaware of the contents of the motions and requests time to respond. Dkt. #145. The return address on the letter is the same as the address on record with this Court.

## **DISCUSSION AND ANALYSIS**

"Whenever a District Court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorneys' fees." *Tancredi v. Metro Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004), *quoting in re Austrian & German Holocaust Litigation*, 317 F.3d 91, 98 (2d Cir. 2003).

Counsel for Webster Szanyi LLP compromised his fee to facilitate the settlement of this action. In return, plaintiff refused to cooperate with counsel and required counsel to incur additional charges attempting to resolve this matter. Accordingly, the Court awards counsel an additional $3,000 for legal services rendered to plaintiff subsequent to the settlement of this action.

The retainer between plaintiff and Mr. Sanders establishes an agreement by plaintiff to pay his attorney $75.00 per hour. Dkt. #144-2. Mr. Sanders provided the

Court with invoices demonstrating that he provided 5.95 hours of attorney time, plus $30.00 for clerical time and $6.00 in disbursements. Dkt. #144-2, pp.6-12. Although the retainer agreement provides for accrual of interest on unpaid invoices at the rate of 12% per year, the Court finds this to be excessive. Accordingly, the Court awards Mr. Sanders $1,000.00 for legal services rendered to plaintiff.

As there can be no question at this point that any claims plaintiff may have had against the defendant are time barred, the Court orders the release of the remainder of the settlement proceeds to plaintiff.

Accordingly, absent objection to this Decision and Order received no later than **June 23, 2017**, the Clerk of the Court is directed to pay the following from the unclaimed funds account:

1. $3,000.00 payable to Webster Szanyi LLP, 424 Main Street, Suite 1400, Buffalo, NY 14202;

2. $1,000.00 payable to Sanders & Sanders, 401 Maryvale Drive, Cheektowaga, NY 14225; and

3. the remainder of the unclaimed funds held in this account to Tommy L. Hamilton, 161 Allen Street, Lockport, NY 14094.

**SO ORDERED.**

DATED: Buffalo, New York
June 6, 2017

    **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**